# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>PABLO OSCAR ANAZALDO-CONTRERAS,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 11cr1447-LAB-2<br>and 15cv594-LAB<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

On June 17, 2011, Defendant Pablo Oscar Anzaldo-Contreras was convicted by a jury of possession of marijuana with intent to distribute, importation of marijuana, and conspiracy to distribute marijuana. He took an appeal, which was unsuccessful. The Ninth Circuit issued its judgment on November 6, 2013, affirming the Court's judgment, and the mandate was entered on November 29, 2013. (*See* Docket no. 107.)

Anzaldo-Contreras later filed a motion to vacate, pursuant to 28 U.S.C. § 2255. (Docket no. 115.) The motion was received on March 11, 2015, but is dated February 28, 2015. For purposes of applying the prisoner mailbox rule, the Court's working assumption is that he delivered his motion to authorities for mailing on February 28, 2015. *See Lewis v. Mitchell,* 173 F.Supp.2d 1057, 1059 (C.D. Cal., 2001) (citing cases for the principle that, in the absence of other evidence, the date a pleading is signed is presumed to be the date the prisoner delivered it to prison authorities, for purposes of the prisoner mailbox rule). Because

Anzaldo-Contreras petitioned for certiorari, his conviction became final on March 3, 2013, the date the Supreme Court denied his petition.

Anzaldo-Contreras raises claims of ineffective assistance of trial and appellate counsel. To the extent he raises issues in his motion that he unsuccessfully raised on appeal, the Court has no authority to overrule the Ninth Circuit's decision rejecting those claims.

The entire argument consists of nitpicking his attorney's performance, suggesting arguments or suggestions he should have made. In the introductory section, he argues his counsel should have disputed the suggestion that he stole some of the marijuana. (Motion at 11–12, 30.) He argues his counsel should have objected to his being punished for failing to admit guilt. (*Id.* at 11–12, 23, 33–35.)  He also suggests that after the parties had presented their arguments and the Court was making its findings, his counsel should have interrupted the Court to object. (*Id.* at 23.).  In the main section of his motion, Anzaldo-Contreras argues his counsel should have moved to suppress his arrest. (Motion at 29–30.) He argues his counsel was ineffective for failing to request minor role. (*Id.* at 30–31.) He repeats his claim that he did not steal any marijuana and claims his counsel "slept through" this.  (*Id.* at 32–33.) He argues his counsel was ineffective for not insisting that he receive credit for acceptance of responsibility. (*Id.* at 34–35.) He also argues his appellate counsel was ineffective for failing to raise these ineffective assistance of counsel claims. (*Id.* at 35–37.) He argues that an evidentiary hearing is required, and seeks to have his sentence vacated. None of these arguments have any merit.

The transcript of sentencing was lodged in connection with Anzaldo-Contreras' appeal, and is filed in the docket. (Docket no. 77.)  Claims of ineffective assistance of counsel are analyzed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Measured by this standard, Anzaldo-Contreras' claims of ineffectiveness of trial and appellate counsel easily fail.

First, the government contested the discrepancy in the weight of marijuana, which gave rise to a suspicion that Anzaldo-Contreras might have stolen some of it. (*See* Tr., 17:12–19:10.) And Anzaldo-Contreras himself contested it. (*Id.* at 30:2–7.) There was no

need for defense counsel to contest it too. Moreover, the Court was not completely convinced he had stolen any (*id.*, 23:17–19), although it suspected he did. (*Id.* at 39:9–13.)

And in any event, the possibility that he had stolen marijuana made no real difference. The Court principally relied on the possibility when it was considering whether there was any reason to sentence him to less than the low end of the guidelines sentence. (*Id.* at 38:20–39:18.) Even if the Court were convinced he had not stolen or planned to steal any marijuana, a defendant's not having stolen marijuana is not a reason to reduce his sentence.

The allegedly unconstitutional seizure Anzaldo-Contreras thinks his attorney should have challenged was Anzaldo-Contreras' own arrest, rather than evidence obtained in connection with the arrest. (Motion at 29–30.) But such a challenge would have been unsuccessful, under the *Ker-Frisbie* doctrine. *See I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984) (explaining that the defendant and his identity are not suppressible even if the arrest was unlawful).

Anzaldo-Contreras was not entitled to credit for acceptance of responsibility after he went to trial and even after trial denied having done anything wrong. His attorney was therefore not ineffective for failing to ask for it, or for failing to object to the Court's observation that he continued to maintain his innocence. He was also not entitled to minor role, and would not have received it even if his attorney requested it. (*See* Tr. at 23:12–16 (Court's observation that evidence at trial had shown Anzaldo-Contreras "was involved in this up to his hips"); 39:1–8 (emphasizing the huge amount of marijuana involved and Anzaldo-Contreras' close involvement in it); 41:23–25 (emphasizing that Anzaldo-Contreras "had a big part" in the criminal enterprise).)

The claim that defense counsel should have interrupted the Court to dispute its findings (Motion at 23) is frivolous. After both sides make their arguments, it is time for the Court to discuss the various sentencing factors and sentence the defendant. What is more, the objections Anzaldo-Contreras thinks his counsel should have made (*id.*) would have failed.

/ / /

1    In short, Anzaldo-Contreras wishes his trial counsel had argued differently. But this does not give rise to an ineffective assistance of counsel claim. The Court has reviewed the motion, and he has not identified any way in which his trial counsel was ineffective. Because of this, his appellate counsel was not ineffective for failing to claim that his trial counsel was ineffective. *See, e.g., Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection."); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996) ("[T]he failure to take a futile action can never be deficient performance . . . .")

The motion is **DENIED** and a certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

DATED: March 20, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge